UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAITH NEWTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Respondents. | Civil Action No. 22-cv-10333-AK<br><br>Civil Action No. 22-cv-10538-AK |

**ORDER**

April 29, 2022

**A. KELLEY, D.J.**

Petitioner Faith Newton, a federal pretrial detainee confined at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, has filed two *pro se* petitions for habeas relief under 28 U.S.C. § 2241. In her pleadings, Newton challenges the fact of her pretrial confinement on the ground that the pending federal criminal proceeding against her is invalid. Said criminal action is proceeding in front of the Honorable George O'Toole of this Court. See United States v. Newton, Crim. No. 21-cr-10035-GAO (D. Mass.). For the reasons stated below, the Court DISMISSES both petitions for lack of jurisdiction.

**I.    The Court Does Not Have Jurisdiction**

As an initial matter, where a habeas petitioner challenges present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Here, Newton names Daniel Martin, the warden of the Wyatt

Detention Center, as one of the respondents. She also identifies the United States and the United States Marshals Service as defendants. Because neither the United States nor the United States Marshals Service is an immediate custodian of Newton, the Court cannot consider them respondents.

In a habeas action challenging present physical custody, the geographic location of the petitioner's confinement and, by extension, the immediate custodian dictate whether a court has jurisdiction over the matter. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Id. at 442. (quoting 28 U.S.C. § 2241(a)). The Supreme Court has interpreted this language "to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" Id. (quoting Braden v. 30th Judicial Circuit Ct. of Ky., 410 U. 484, 495 (1973)). For purposes of habeas jurisdiction, the custodian is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435. Thus, unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

Here, Newton is not confined within the District of Massachusetts. Rather, she is confined in the District of Rhode Island. Although the criminal proceeding against her is in the District of Massachusetts, this Court's habeas jurisdiction does not extend to the district of her pretrial confinement.

## II. The Court Declines to Transfer the Petitions

The Court, could, in its discretion, transfer Newton's petitions to the District of Rhode Island, where habeas jurisdiction would exist. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in

the interest of justice, transfer such action . . . ." (emphasis added)).  The Court declines to do so here because a transfer would not be in the interest of justice.  Habeas corpus is an extraordinary remedy that is generally available only in the absence of any other remedy.  See Stack v. Boyle, 342 U.S. 1, 6-7 (1951) ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution . . . the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.").  Habeas corpus is not the only remedy available to Newton.  She may raise all the matters addressed in her petitions with the judicial officer presiding over the criminal action.  See Jones v. Perkins, 245 U.S. 390, 391-92 (1918) (stating that "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"); Whitmer v. Levi, 276 Fed. App'x 217, 219 (3d Cir. 2008) (per curiam) (finding that petitioner's "claims relating to pending criminal charges should have been raised in his criminal case, not in a habeas petition under 28 U.S.C. § 2241" and explaining that "the appropriate vehicle for violations of [the petitioner's] constitutional rights are pretrial motions or the expedited appeal procedure provide by the Bail Reform Act . . . and not a habeas corpus petition"); Garey v. Fed. Det. Ctr., 180 Fed. App'x 118, 121 (11th Cir. 2006) (per curiam) (affirming dismissal of § 2241 petition because "all of [the petitioner's] claims related to the pending criminal charges, and should have been raised in his pending criminal case").  In both petitions, Newton raises issues related to her criminal trial, including the sufficiency of the evidence against her, trial delays, malicious prosecution, and illegal searches and seizures.  Whether or not Newton's defense counsel deems it appropriate to raise in the criminal actions the arguments Newton presents in her petitions is not matter for the undersigned.

### III. The Motion to Seal Is Granted

In one of these actions, 22-cv-10538, the United States has filed a motion to seal Newton's habeas petition and accompanying exhibits because they contain material covered by a protective order entered in Newton's criminal case. The Court GRANTS the motion.

### IV. Conclusion

Accordingly, for the foregoing reasons:

(1) These two actions are DISMISSED for lack of jurisdiction.

(2) The motion for leave to proceed *in forma pauperis* in 22-cv-10538 [ECF No. 2] shall be terminated as moot.

(3) The motion to seal in 22-cv-10538 [ECF No. 7] is GRANTED. The Clerk shall seal Newton's petition and accompanying exhibits in 22-cv-10538 [ECF No. 1 (all documents)].

**IT IS SO ORDERED.**

April 29, 2022                                          /s/ Angel Kelley
                                                       ANGEL KELLEY
                                                       U.S. DISTRICT JUDGE